**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rex Daniel MURPHY, III,**
**Defendant–Appellant.**

**No. 00–30302.**
**DC No. CR 00–0035 FVS.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2001 *.

Decided Aug. 3, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

MEMORANDUM **

Rex Murphy ("Murphy") entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to a term of 180 months' imprisonment and five years' supervised release. He appeals the district court's prior rulings denying a motion to suppress evidence found during a search incident to his arrest and barring the presentation of a justification defense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a motion to suppress de novo and any factual findings made at the suppression hearing for clear error. *United States v. Tank,* 200 F.3d 627, 631 (9th Cir.2000). Whether police had probable cause to arrest is a mixed question of law and fact, which we also review de novo. *United States v. Buckner,* 179 F.3d 834, 837 (9th Cir.1999). Although a district court's ruling on a motion *in limine* is generally reviewed only for an abuse of discretion, we review the decision de novo if an order precludes presentation of a

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

defense. *United States v. Ross,* 206 F.3d 896, 898–99 (9th Cir.2000).

■ The parties are familiar with the relevant facts; thus, we do not recite them here. Murphy contends that the district court erred in denying his motion to suppress evidence found in a search incident to his arrest because the arresting officer did not have sufficient information to conclude that the individual whom he arrested was in fact Murphy. "Probable cause requires both a reasonable belief that an offense has been or is about to be committed and that the suspect is the criminal." *United States v. Delgadillo–Velasquez,* 856 F.2d 1292, 1296 (9th Cir.1988). The findings of fact made by the district court included the following: Murphy was the registered owner of the observed vehicle, his driver's license was suspended, and there was a warrant outstanding for his arrest; the officer received a physical description of Murphy, including height, weight, race, hair and eye color, and gender; it was the officer's experience that the majority of vehicles he stopped were driven by their registered owners; the driver identified himself as "Rex D. Nolan" (*i.e.,* the same first name and middle initial as Murphy) and did not produce any identification; and the physical characteristics of the driver were consistent with the description of Murphy that the officer had received. These findings are not clearly erroneous and are sufficient to establish probable cause that the individual whom the officer arrested was Murphy. *Cf. United States v. Jones,* 84 F.3d 1206, 1210 (9th Cir.1996) (probable cause for arrest when suspect got out of a cab identified as the getaway vehicle and fit general description of the bank robber); *United States v. Butler,* 74 F.3d 916, 920–21 (9th Cir.1996) (probable cause for arrest when suspect fit a description of thief and was found with stolen vehicle near a drug house where reportedly seen earlier). Because the arrest was valid, so too was the search conducted incident thereto.

■ Murphy also contends the district court erred by granting a motion *in limine* to bar presentation of a justification defense because he made a sufficient proffer to demonstrate each element of the defense. In order to present the defense, Murphy had to proffer sufficient facts to show that: "(1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Phillips,* 149 F.3d 1026, 1029–30 (9th Cir.1998) (quoting *United States v. Wofford,* 122 F.3d 787, 790 (9th Cir.1997)). Even assuming Murphy could satisfy the other three elements, there was an insufficient basis to demonstrate that he had no reasonable legal alternative. "Our cases uniformly require the defendant to seek aid from law enforcement before taking matters into his own hands." *Wofford,* 122 F.3d at 791. Like the district court, we remain unconvinced based on the facts of his proffer that Murphy made any good faith attempt to seek the aid of law enforcement necessary for a defense of justification.

Accordingly, the district court's rulings denying the motion to suppress and barring presentation of a justification defense, and the conviction are hereby AFFIRMED.